1  FOLEY & LARDNER LLP
   ATTORNEYS AT LAW
   1530 PAGE MILL ROAD
2  PALO ALTO, CALIFORNIA 94304
   TELEPHONE: 650.856.3700
   FACSIMILE: 650.856.3710

3  NANCY J. GEENEN, BAR NO. 135968
   DAVID B. MOYER, BAR NO. 197739
   AARON M. SCHWARCZ, BAR NO. 209275

4  ATTORNEYS FOR PLAINTIFF HANGER PROSTHETICS &
   ORTHOTICS, INC.

5
   WEINTRAUB GENSHLEA CHEDIAK
6  A LAW CORPORATION
   400 CAPITOL MALL, 11th Floor
   SACRAMENTO, CA 95814
7  (916) 558-6000 – Main
   (916) 446-1611 – Facsimile
8  E-mail: jkachmar@weintraub.com

   Joseph S. Genshlea, State Bar No. 36369
9  JAMES KACHMAR, STATE BAR NO. 216781

10 ATTORNEYS FOR DEFENDANTS CAPSTONE ORTHOPEDIC,
   INC., GLEN S. ELLIS, SANTIAGO ROSALES, DAVID KIMZEY,
   AND ANGELA FULTON

11

12                UNITED STATES DISTRICT COURT

13              EASTERN DISTRICT OF CALIFORNIA

14                    SACRAMENTO DIVISION

15

16 HANGER PROSTHETICS & ORTHOTICS, INC.    Case No. 2:06-CV-02879-GEB-KJM

17         PLAINTIFF,

18    V.                                   ORDER

19 CAPSTONE ORTHOPEDIC, INC., A
   CALIFORNIA CORPORATION; GLEN S.
20 ELLIS, AN INDIVIDUAL; SANTIAGO
   ROSALES, AN INDIVIDUAL; DAVID KIMZEY,
21 AN INDIVIDUAL; ANGELA FULTON, AN
   INDIVIDUAL; AND DOES 1-15;
22
23         DEFENDANTS.
   _____

24 ///

25 ///

26 ///

27 ///

28 ///

Pursuant to L.R. 37-251(c), Plaintiff HANGER PROSTHETICS & ORTHOTICS, INC. and Defendants CAPSTONE ORTHOPEDIC, INC., GLEN ELLIS, SANTIAGO ROSALES, DAVID KIMZEY and ANGELA FULTON (collectively "Parties") have submitted to the Court a Joint Statement of Discovery Agreement and Motion for a Protective Order.

1. The parties have filed a joint statement re discovery disagreement and motion for protective order;

2. Plaintiff requests the Court to enter a protective order in the form attached as Exhibit 1. Defendants request the Court to enter a protective order in the form attached as Exhibit 2.

3. The Court having considered the parties' papers and good cause appearing, hereby issues a protective order in the annotated form attached as Exhibit 1. See 45 C.F.R. §§ 164.512(e)(1)(ii)(B), (e)(1)(iv)(B), and (e)(1)(v).

DATED: October 2, 2007.

U.S. MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

PROTECTIVE ORDER
CASE NO. 2:06-CV-02879-GEB-KJM

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
1530 PAGE MILL ROAD
PALO ALTO, CALIFORNIA 94304
TELEPHONE:  650.856.3700
FACSIMILE:  650.856.3710

NANCY J. GEENEN, BAR NO. 135968
DAVID B. MOYER, BAR NO. 197739
AARON M. SCHWARCZ, BAR NO. 209275

ATTORNEYS FOR PLAINTIFF HANGER PROSTHETICS &
ORTHOTICS, INC.

**WEINTRAUB GENSHLEA CHEDIAK**
A LAW CORPORATION
400 CAPITOL MALL, 11TH FLOOR
SACRAMENTO, CALIFORNIA 95814
TELEPHONE:  916.558.6000
FACSIMILE:  916.446.1611

JOSEPH S. GENSHLEA, BAR NO. 36369
JAMES KACHMAR, BAR NO. 216781

ATTORNEYS FOR DEFENDANTS CAPSTONE ORTHOPEDIC, INC.,
GLEN S. ELLIS, SANTIAGO ROSALES, DAVID KIMZEY AND
ANGELA FULTON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

|  |  |
|---|---|
| HANGER PROSTHETICS & ORTHOTICS, INC. | Case No. 2:06-CV-02879-GEB-KJM |
| PLAINTIFF, | **PROTECTIVE ORDER** |
| v. | **(With Court Annotations in** ~~**Strikeout**~~**/Underline Format)** |
| CAPSTONE ORTHOPEDIC, INC., A CALIFORNIA CORPORATION; GLEN S. ELLIS, AN INDIVIDUAL; SANTIAGO ROSALES, AN INDIVIDUAL; DAVID KIMZEY, AN INDIVIDUAL; ANGELA FULTON, AN INDIVIDUAL; AND DOES 1-15, | |
| DEFENDANTS. | |

///

///

///

///

///

///

4

Plaintiff HANGER PROSTHETICS & ORTHOTICS, INC. and Defendants CAPSTONE ORTHOPEDIC, INC., GLEN ELLIS, SANTIAGO ROSALES, DAVID KIMZEY and ANGELA FULTON, by and through their respective counsel, <u>in light of the court's resolution of their dispute, agree</u> ~~hereby stipulate~~ to protect confidential information and material that may be produced or otherwise disclosed by them or by third parties during the course of discovery in this case (the "Action"), based on the following:

## GOOD CAUSE STATEMENT

In this case, the parties have requested production of documents and other information that constitute, reflect or disclose confidential, competitively sensitive, and/or proprietary information.   To permit the parties to produce such sensitive information while safeguarding its confidentiality, the parties agree ~~jointly to request the Court~~ <u>to entry of</u> ~~enter~~ a protective order containing the following terms:

1.      This Protective Order (the "Order") shall govern the disclosure and handling <u>during discovery</u> of all documents and other products of discovery obtained by the parties in the Action, all information derived therefrom, and all copies, excerpts, or summaries thereof, including, but not limited to, documents produced pursuant to inspection demands, answers to requests for admission, answers to interrogatories, documents subpoenaed in connection with depositions, and deposition transcripts (hereinafter referred to collectively as "Discovery Materials").

2.      All Discovery Materials produced in discovery in this case shall be used solely for the purpose of pre-trial proceedings (including, but not limited to, motions and briefing), trial preparation and trial, and any appeals in the Action.  Discovery Materials shall not be used for any business or non-litigation related purpose whatsoever.

3.      Confidential treatment may be claimed by any party or third party for any Discovery Materials that contain: (a) financial information of a party (<u>e</u>.g., financial statements); (b) information pertaining to a third party which the party has an express or implied obligation to keep confidential; ~~or~~ (c) trade secrets as defined in Cal. Civ. Code § 3426.1 (which provides that trade secret "means information, including a formula,

pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy"); or (d) other confidential proprietary business information subject to protection under the law; or (e)  "protected health information" as governed by the Health Insurance Portability and Accountability Act ("HIPAA") and HIPAA's implementing privacy regulations, 45 CFR Part 164; or (f) "medical information" as governed by California Civil Code Section 56.10.  By way of example, confidential treatment may be claimed by any party or third party for any information which constitutes, reflects or discloses confidential, competitively sensitive, and/or proprietary information of the designating party which that party wishes to maintain in confidence, including, but not limited to, customer information, referral source information and financial information.

(a)     Protected health information includes information that (i) relates to the past, present or future physical or mental health or condition of an individual (i.e., patient); the provision of health care to an individual, or the past, present or future payment for the provision of health care to an individual; (ii) identifies the individual (or for which there is a reasonable basis for believing that the information can be used to identify the individual); and (iii) is received by a party, or is made accessible to a party as a result of this litigation and is designated material covered by this Protective Order.

(b)     In connection with discovery in this action, a party (including an individual or entity not a party to this litigation required to produce documents or testify) may produce documents and information containing "protected health information" the disclosure and use of which is governed by the Health Insurance Portability and Accountability Act ("HIPAA") and HIPAA's implementing privacy regulations, 45 CFR Part 164. This Protective Order constitutes a qualified protective order pursuant to 45 CFR  §164.512(e)(1)(v). The disclosure and use of any disclosed documents or information containing protected health information in this lawsuit shall be governed by

1    this Order. Any such document or information shall be designated confidential by the

2    party producing it and shall be marked or designated "CONFIDENTIAL" in a prominent

3    manner.

4            (c)     After this Order is entered, deposition questions, interrogatories or

5    production requests, deposition answers, interrogatory responses, responses to requests

6    for production, any other discovery request or response and any questions or testimony

7    involving documents or information designated as "CONFIDENTIAL" pursuant to this

8    Order shall not be objectionable on the basis of the HIPAA privacy rules or HIPAA's

9    implementing regulations or other privacy right or claim.

10           (d)     Parties shall promptly report each use or disclosure that is not

11   specifically permitted by this Protective Order, as well as each Security Incident of which

12   a party becomes aware.   Security Incident means the attempted or successful

13   unauthorized access, use, disclosure, modification, or destruction of information in, or

14   interference with system operations of, an Information System which contains Electronic

15   Protected Health Information.  However, Security Incident does not include attempts to

16   access an Information System when those attempts are not reasonably considered by a

17   party to constitute an actual threat to the Information System.

18           4.     Discovery Materials may be ~~so~~ designated <u>as confidential</u> by any party or

19   third-party witness to this Action.  Such designation shall be made at the time the

20   information is produced or filed, or in the case of a deposition transcript, within 30 days

21   after receipt thereof, by stamping "CONFIDENTIAL" or "CONFIDENTIAL -

22   ATTORNEYS' EYES ONLY" on each page of such Discovery Materials and by

23   notifying the parties hereto of such designation.  No party or third-party witness may

24   designate Discovery Materials as CONFIDENTIAL unless such Discovery Materials are

25   of a confidential nature, and no party or third-party witness may designate Discovery

26   Materials as CONFIDENTIAL - ATTORNEYS' EYES ONLY unless such Discovery

27   Materials are highly confidential and/or competitively sensitive.  Confidential designation

28   of material made by the parties pursuant to this Order shall be made in good faith that the

material so designated is entitled to the specified protection.

5.      When a party wishes to designate as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Materials produced by someone other than the designating party, such designation shall be made:

(a)      Within twenty-five (25) days from the date that the designating party receives copies of the Discovery Materials from the producing or disclosing entity; and

(b)      By written notice to all parties to this action and to the producing party, if such party is not a party to this action, identifying the Discovery Materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).

6.      Upon notice of designation, all persons receiving notice of the requested designation of Discovery Materials shall:

(a)      Make no further disclosure of such designated material or information contained therein, except as allowed in this Order;

(b)      Take reasonable steps to notify any persons known to have possession of or access to such materials of the effect of such designation under this Order; and

(c)      Take reasonable steps to reclaim or prevent access to such designated material or information in the possession or control of any person not permitted to have access under the terms of this Order.

7.      The inadvertent failure to designate information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY prior to or at the time of disclosure shall not operate as a waiver of a party's right later to designate such information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, provided that such party acts diligently after learning of the inadvertent failure.

8.      If any portion of a written discovery response contains CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials, such portion shall be provided in a separate document, appended to the main body of the response,

appropriately marked in accordance with paragraph 4 above, and incorporated by reference therein.

9.     Testimony taken at a deposition may be designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.  Alternatively, a party may designate such testimony as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY within 30 days after receiving the transcript of such testimony.

10.     CONFIDENTIAL Discovery Materials shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than:

(A)     the attorneys of record for any party in this Action, and the employees of such attorneys to whom, in the opinion of the attorneys in charge of the case for such party, it is necessary to the preparation of their case that such Discovery Materials be shown;

(B)     any person or entity who is a party to this Action and inside counsel, directors, officers and employees of any party who are assisting in the preparation of this matter for litigation and to whom, in the opinion of the attorneys in charge of the case for such party, it is necessary to the preparation of their case that such Discovery Materials be shown;

(C)     independent accountants, statisticians, economists, or other independent experts (collectively referred to as "Experts or Consultants") retained by the attorneys of record for any party to assist in the preparation of this matter for litigation, and the office personnel of any Experts or Consultants who have received such Discovery Materials;

(D)     any employee or agent of a copying service or similar entity to whom the Discovery Materials are provided for the purpose of making

copies;

(E)     any person designated on the face of the Discovery Materials as a preparer or prior recipient thereof;

(F)     any person who has been indicated by the party producing such Discovery Materials to have been a prior recipient thereof;

(G)     the Court and its employees, as provided or allowed by the Court's local rules or further order of the Court;

(H)     court reporters;

(I)     a non-party witness during the course of his or her deposition or trial testimony, but only if such party has knowledge pertinent to such Discovery Materials; and

(J)     such other persons, and on such other terms and conditions, as the parties agree to in writing or as the Court, upon application, may order.

11.     CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than:

(A)     the outside attorneys of record for any party in this Action, and the employees of such attorneys to whom, in the opinion of the attorneys in charge of the case for such party, it is necessary to the preparation of their case that such Discovery Materials be shown;

(B)     Experts or Consultants retained by the attorneys of record for any party to assist in the preparation of this matter for litigation, and the office personnel of any Experts or Consultants who have received such Discovery Materials;

(C)     any employee or agent of a copying service or similar entity to whom the Discovery Materials are provided for the purpose of making copies;

(D)    any person designated on the face of the Discovery Materials as a preparer or prior recipient thereof;

(E)    any person who has been indicated by the party producing such Discovery Materials to have been a prior recipient thereof;

(F)    the Court and its employees, as provided or allowed by the local rules;

(G)    court reporters;

(H)    a non-party witness during the course of his or her deposition or trial testimony, but only if such party has knowledge pertinent to such Discovery Materials; and

(I)    such other persons, and on such other terms and conditions, as the parties agree to in writing or as the Court, upon application, may order.

12.    Before counsel for any party discloses CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Materials to any Expert or Consultant, counsel must first identify that individual to counsel for the designating party, who shall have five (5) business days from receipt of such notice to object in writing to such disclosure to any individual so identified.  Such identification shall at least include the full name and professional address and/or affiliation of the individual, his or her prior employment, consultancies or testimony for the previous five years, and all of the person's other present employment or consultancies in the field.  The parties shall attempt to resolve any objections informally, and approval by the designating party shall not be unreasonably withheld.  If the objections cannot be resolved, the objecting party may move, within fifteen (15) business days following its objection, for a protective order preventing disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Materials to the individual.  Prior to the resolution of any such objection, an opposing party's CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials shall not be disclosed to person(s) so designated.

PROTECTIVE ORDER
CASE NO. 2:06-CV-02879-GEB-KJM

13.     Each person referred to in paragraphs 10 and 11 above shall be informed of the general contents of this Order and such persons (with the exception of those referred to in paragraphs 10(A), 10(D), 10(F), 10(G), 10(H), 11(A), 11(C), 11(E), 11(F), and 11(G) above) shall agree to be bound by the terms of this Order and, prior to viewing or discussion of any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials, shall execute an agreement in the form annexed hereto as Exhibit A.   The attorneys for any party which has disclosed CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials to any person identified in this paragraph shall maintain a file of the written agreements executed pursuant to this agreement, and such file shall be made available to the attorneys for any other party on reasonable notice.

14.     In the event that a party disagrees with another party's designation of Discovery Materials as "Confidential" or "Confidential – Attorneys' Eyes Only," the following procedures apply:

a.     The objecting party must advise counsel of the designating party in writing of the objection to the designation(s), and the ground(s) therefore, and identify the challenged document(s) or information (the "Challenged Material") with sufficient specificity for identification.

b.     The designating party must, within five business days of receiving the objection, confer with the objecting party in person, in writing or by telephone in a good faith effort to resolve the dispute.

c.     Within ten (10) business days of receiving the written objection to designated material, the designating party shall: (i)  Notify the objecting party that it will change and/or withdraw the designation; or (ii) move the Court for a protective order to uphold the designation.  In the event the designating party files a motion with the court pursuant to this section, the motion shall be accompanied by a declaration by the designating party's counsel accurately describing the parties' respective position taken during the meet and confer process.  The designating party shall have the burden of proof

PROTECTIVE ORDER
CASE NO. 2:06-CV-02879-GEB-KJM

on the motion to uphold any designation.

d.      If the designating party fails to file a motion pursuant to subsection (c) above within 10 business days of receipt of a written objection, the designating party will be deemed to have waived any protection for the document or information and the designation shall be deemed withdrawn.

e.      Notwithstanding any challenge to designated material, all Discovery Material which is subject to challenge pursuant to the provisions of this paragraph shall be treated as confidential and shall be subject to the provisions of this Protective Order until either: (1) the Court rules on the designating party's motion; (2) the designating party serves its written notice that it is changing and/or withdrawing the designation; or (3) the designation is deemed withdrawn pursuant to subsection (d) above.

15.      In addition to the foregoing, each Expert or Consultant to whom any designated material will be disclosed shall, prior to disclosure of such material, execute the Certification of Expert/Consultant in the form attached as Exhibit B hereto.  Upon receipt of this Certification of Expert/Consultant by counsel for the party retaining the Expert or Consultant, disclosure of such designated material may be made to the Expert or Consultant without notification to the designating party or any other party to this action.   Outside counsel who make any disclosure of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials shall retain each original executed Certification of Expert/Consultant and, upon written request, shall circulate copies to all outside counsel at the termination of this action.

16.      If a party files or lodges with the Court any transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to requests for admission, and other documents which have previously been designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials, or any pleading or memorandum or other document purporting to reproduce or paraphrase such information, any papers to be filed with the Court that contain such Discovery Materials shall be accompanied by an application to file the papers – or the confidential portion

thereof – under seal, pursuant to Rule 39-141 of the Local Rules of the United States District Court for the Eastern District of California.     Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal <u>if such lodging is allowed by the local rules</u>.  Where a party seeks to file materials under seal, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential in order to enable the Court, in <u>making its determinations</u> ~~drafting orders, to determine whether there is evidence which the Court should attempt not to disclose~~.

17.     This Order is without prejudice to the right of any party or third-party witness to consent, subject to any limitations it may impose, to disclosure of its CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials to any other person.

18.     When CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials will likely be presented, quoted or referred to in any deposition, the party or third-party witness claiming confidentiality shall have the right to make arrangements to insure that only the persons who, in accordance with paragraph 10 and 11 herein would be permitted access to said Discovery Materials, are present during said presentation, quotation, or reference.  When CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials are incorporated in a transcript of a deposition, any party or third-party witness claiming confidentiality shall arrange with the court reporter to bind the confidential portions of such transcript separately and to label such portion of the transcript as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY, and any copies thereof shall be held in confidence as provided in this Order.

19.     Any party may, within thirty (30) days after receiving a deposition transcript, designate pages of the transcript and/or its exhibits as designated material.  If any party so designates such material, the parties or deponents shall provide written notice of such designation to all parties within the 30 day period.  Designated material

within the deposition transcript or the exhibits thereto may be identified in writing or by underlining the relevant portions and marking such portions CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY.  Until the expiration of the 30 day period, any portion of the deposition not previously designated shall be treated as CONFIDENTIAL, and subject to protection as provided by this Order.  After the expiration of the 30 day period, if no party or deponent has timely designated any additional material, then such undesignated transcript and/or exhibits may be disclosed without restriction.

20.    All complete or partial copies of CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials shall also be deemed subject to the terms of this Order.

21.    This Order pertains only to material obtained in connection with this Action and does not limit the use or disclosure of material which has been obtained by any party from any other source including, without limitation, material which: (A) is, or becomes, public knowledge due to circumstances that do not include a violation of the terms of this Order; (B) is acquired by the nondesignating party from a third party which lawfully possesses such material and which may lawfully disclose such material; or (C) was lawfully possessed by the nondesignating party prior to commencement of this litigation.

22.    Upon final termination of this Action, including any appeals, whether by settlement or otherwise, upon written request the party to whom CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials were produced shall return them to the producing party or third-party witness.  In addition, upon written request all copies and/or summaries (including computer databases) containing any CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials shall be destroyed.  This paragraph shall not preclude outside counsel from maintaining a file copy of any pleading, deposition transcript, correspondence, or attorney working papers that contains or attaches CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS' EYES ONLY Discovery Materials.

23.     This Order shall be without prejudice to the right of the parties: (A) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or (B) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

24.     The parties expressly acknowledge and incorporate by reference the language of Federal Rule of Civil Procedure 26(b)(5)(B) relating to the production of information during discovery that is subject to a claim of privilege or of protection as trial-preparation material.

25.     Nothing in this Order shall be construed to affect either the discoverability or admissibility at trial of any document or thing, nor shall any party's or third-party witness' assent to this Order be deemed to waive that party's right to object to the production of documents and things on appropriate grounds, to move to compel the production of documents and things wrongfully withheld from production, to assert appropriate privileges and immunities in response to discovery requests, or to seek additional protection or other modification of this Order by subsequent order of the Court.  No party may refer to this Order or the designation of any document as proof that the designated Discovery Materials are actually confidential.

26.     This Order shall remain in force and effect and shall not be modified, superseded, or terminated except ~~by express written consent of the parties, or~~ by order of the Court.

27.     Upon conclusion of this Action, this Court shall retain such jurisdiction regarding this Order for purposes of enforcing its terms and conditions and to enable any party herein to apply for such other and further orders concerning the subject of this Order as may be necessary or appropriate.

28.     If anyone violates or threatens to violate any term of this Order, any party

or third-party witness may seek damages and injunctive relief, and it shall not be a defense thereto that the party or third party witness seeking such relief possesses an adequate remedy at law.

~~29.    This Protective Order may be executed in counterparts, each of which shall be deemed an original, and all of which shall constitute one document.~~

IT IS SO ORDERED.

DATED:  October 2, 2007.

U.S. MAGISTRATE JUDGE

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California in the case of Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., *et al*, case number 2:06-CV-02879-GEB-KJM.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur alter termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:

City and State where sworn and signed:

Printed name:
                                                            [printed name]

Signature:
                                                            [signature]

1
2

EXHIBIT B
Expert or Consultant Certification

3
4
5
6
7
8
9

     I, the undersigned, hereby certify I have read the attached Protective Order entered in the lawsuit before the United States District Court for the Eastern District of California entitled Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc., et al, ("the Action") case number 2:06-CV-02879-GEB-KJM.  I certify that I am not engaged in business as a competitor of any person or entity currently a party to this action.  If, at any time after I execute this Certification and during the pendency of the Action, I become engaged in business as a competitor (as that term is defined in the Protective Order) of any person or entity currently a party to this action, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Designated Materials marked CONFIDENTIAL or ATTORNEYS EYES ONLY unless and until the Court in the Action orders otherwise.

10
11

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12
13

Name of Individual:_____
Present occupation/job description:_____
_____

14
15
16
17

Name of Company or Firm:_____
Address:_____
Telephone No.:_____

18

Dated:_____

19

[Signature]

20
21
22
23
24
25
26
27
28