IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
HANGER PROSTHETICS & ORTHOTICS,  )
INC.,                            )    2:06-CV-02879-GEB-KJM
                                 )
              Plaintiff,         )
                                 )
     v.                          )    ORDER*
                                 )
CAPSTONE ORTHOPEDIC, INC.; GLEN  )
ELLIS; SANTIAGO ROSALES; DAVID   )
KIMZEY; ANGELA FULTON,           )
                                 )
              Defendants.        )
_____)
```

      Plaintiff filed an ex parte application on October 30, 2007, to shorten the time for hearing on its motion to modify the Rule 16 Scheduling Order, so that Plaintiff could be provided more time for discovery.  The motion to modify is currently noticed for hearing on December 3, 2007, but Plaintiff requests under Local Rule 6-144(e) that the motion to modify be heard on November 19, 2007.  Defendants oppose the application.

> Applications to shorten time shall set forth by affidavit of counsel **the circumstances claimed to justify the issuance of an order shortening time**. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a **satisfactory explanation for the need for the**

---

      *    This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

>     **issuance of such an order** and for the failure of
>     counsel to obtain a stipulation for the issuance
>     of such an order from other counsel or parties in
>     the action.

Local Rule 6-144(e) (emphasis added). The rule does not state what "circumstances" justify the order or what a "satisfactory explanation" is, but courts generally require that the applicant demonstrate circumstances showing that (1) the applicant is not the cause of its own predicament, and (2) the order is "needed" to avoid some type of harm. See In re Intermagnetics Am., Inc., 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989) (holding that ex parte "applications are not intended to save the day for parties who have failed to present requests when they should have"); Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (holding that in order to obtain ex parte relief, "[f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect"); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613 (D. Ariz. 2001) (citing Mission Power).

      Plaintiff offers two justifications for the order shortening time. First, Plaintiff contends that due to a protracted dispute over a protective order, Plaintiff now has a "very limited time" to obtain discovery before taking depositions and filing any motions to compel. (Pl.'s Ex Parte App. at 3:11-14.) The discovery completion date is November 28, 2007. Plaintiff avers that much discovery was held up by the dispute over the wording of a protective order, which was a prerequisite to the discovery Plaintiff desires, and consequently was

not issued by the magistrate judge until October 3, 2007.  (<u>Id.</u> at 3:11-18.)  Plaintiff avers that Defendants have not been forthcoming with production of documents even though the protective order was issued.  (<u>Id.</u> at 3:15-18.)

Second, all three primary counsel for Plaintiff are scheduled to begin another trial on November 19, 2007, lasting through mid-December 2007.  (<u>Id.</u> at 3:19-23.)  At the time the Scheduling Order was issued, the other trial was scheduled to begin April 30, 2007, but in late May the date was changed to November 19.  (<u>Id.</u> at 3:24-27; Decl. Aaron Schwarcz in Supp. of Pl.'s Ex Parte App. ¶ 11.)

Plaintiff has not demonstrated circumstances that justify shortening the time for hearing Plaintiff's motion.  For instance, Plaintiff does not explain why it should not be considered the cause of its own predicament.  Nothing in the application explains why the referenced protective order was not sought earlier in the litigation; nor does Plaintiff explain why it did not conduct the referenced discovery earlier than it did.  It appears that if the protective order and the referenced discovery had been sought earlier, Plaintiff would not have needed to file its application to shorten time.  Since Plaintiff has failed to make the necessary showing under Local Rule 6-144(e), Plaintiff's ex parte application is denied.

IT IS SO ORDERED.

Dated: November 8, 2007

Garland E. Burrell, Jr.
United States District Judge