IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANGER PROSTHETICS & ORTHOTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CAPSTONE ORTHOPEDIC, INC., a California Corporation; GLEN S. ELLIS, an individual; SANTIAGO ROSALES, an individual; DAVID KIMZEY, an individual; ANGELA FULTON, an individual; and DOES 1-15, <br><br> Defendants. | 2:06-cv-02879-GEB-JKM <br><br> ORDER[*] |

On February 22, 2008, Plaintiff submitted to chambers for in camera review a Declaration of Aaron M. Schwarcz to which is attached un-redacted documents, redacted copies of which have been filed on the public docket. Plaintiff seeks decision on whether the un-redacted documents could be filed under seal. These documents are part of Plaintiff's opposition to Defendants' motions for summary judgment, noticed for hearing on March, 10, 2008.

Although a protective order, entered on October 3, 2007 (Docket number 37), prescribes that discovery materials in this action

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  may be given confidential treatment, that order concerned discovery,
2  under which a document may be sealed if a "good cause" standard is
3  met.  <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1180
4  (9th Cir. 2006) (citing Fed. R. Civ. P. 26(c)).  But the issue of
5  whether the documents submitted on the pending motion for summary
6  judgment should be sealed is governed by a "compelling reasons"
7  standard.  To justify sealing under this standard, a party must show
8  "compelling reasons supported by specific factual findings . . . that
9  outweigh the general history of [public] access" to a judicial record
10 shedding light on the judicial process.  <u>Id.</u> (internal quotations and
11 citations omitted).

12         This standard has not been satisfied. Therefore, the motion
13 to file the documents under seal is denied.  **The Clerk of the Court is**
14 **directed to return the Declaration of Aaron M. Schwarcz to Plaintiff's**
15 **counsel** so that Plaintiff's may decide whether its opposition only
16 contains the filed redacted documents, and whether to file the un-
17 redacted documents on the public docket.  One copy of the declaration
18 has been retained based on the assumption that it will be filed on the
19 public docket.  If the declaration is not filed on the public docket
20 within two court days, it will be shredded and the summary judgment
21 motions noticed for March 10, 2008 will be decided based on the
22 redacted copies filed on February 22, 2008.
23         IT IS SO ORDERED.
   Dated:  February 28, 2008
24
25                              _____
                                GARLAND E. BURRELL, JR.
26                              United States District Judge
27
28