IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANGER PROSTHETICS & ORTHOTICS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAPSTONE ORTHOPEDIC, INC.; SANTIAGO ROSALES; GLEN S. ELLIS; DAVID KIMZEY; ANGELA FULTON;<br><br>　　　　Defendants. | 2:06-cv-02879-GEB-KJM<br><br>FINAL PRETRIAL ORDER |

　　　　A final pretrial conference was held on May 12, 2008. Counsels Nancy Josephine Geenen and Aaron M. Schwarcz appeared on behalf of the Plaintiff; Counsel Alex James Kachmar, Jr. appeared on behalf of Defendant Capstone Orthopedic, Inc.

　　　　After hearing, the Court makes the following Order.

### I. JURY/NON-JURY

　　　　All issues shall be tried to a jury.

### II. DISPUTED EVIDENTIARY ISSUES

　　　　Any evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion which shall be

filed no later than May 26, 2008. An opposition or a non-opposition statement to any filed in limine motion shall be filed no later than June 2, 2008. *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis*.

### III. RELIEF SOUGHT

**Plaintiff**: Hanger seeks the following monetary damages:

1. Compensatory and consequential damages as follows:
   a. Past lost profits according to proof;
   b. Future lost profits according to proof;
   c. Out of pocket expenses according to proof;
   d. Prejudgment and post-judgment interest at the legal rate;
   e. Statutory damages according to proof;
   f. An accounting of all revenues and profits received by Defendants as a result of their misconduct;[1]
2. Attorneys' fees and costs;
3. Punitive damages.

### IV. POINTS OF LAW

**A.** The issues in the parties' Joint Pretrial Statement at page 25 line 5 through page 29 line 18 are preserved for trial (except Plaintiff stated at the hearing its unfair competition claim is limited to a common law cause of action), provided jury

---

[1] Plaintiff indicated during the final pretrial conference that this issue will be presented to the jury in special interrogatories.

instructions are submitted as required by Section XIII of this Order.

B. Trial briefs shall be filed no later than June 3, 2008. **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof." Local Rule 16-285(a)(3). Further, the trial briefs shall include a discussion whether identifiers in place of a patient's name and other patient information could be used during the trial.**

## V. ABANDONED ISSUES

Plaintiff Hanger will not seek to prove that Defendants wrongfully solicited Plaintiff Hanger's referral sources. Plaintiff abandons its request for injunctive relief.

## VI. WITNESSES[2]

A. Plaintiff anticipates calling the witnesses listed on Exhibit H to the JPS.

B. Defendant anticipates calling the witnesses listed on Exhibit B to the JPS.

C. Each party may call a witness designated by the other.

D. No person, other than those named on these witness lists, will be permitted to testify unless:

---

[2] This portion of the Order does not affect the parties' obligations to timely comply with witness disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

                    (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not reasonably be anticipated at the pretrial conference; or

                    (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "E", below.

          E.  If a witness is discovered after the pretrial conference, counsel for the party offering the witness shall promptly inform the Court and opposing parties of the existence of the unlisted witness so that the Court may consider at trial whether the witness shall be permitted to testify.  The witness will be not be permitted to testify unless:

                    (1) The witness could not reasonably have been discovered prior to pretrial;

                    (2) The Court and opposing counsel were promptly notified upon discovery of the witness;

                    (3) If time permitted, counsel offered the witness for deposition; and

                    (4) If time did not permit, a reasonable summary of the witness' testimony was provided to opposing counsel.

                          VII.  <u>EXHIBITS</u>[3]

          A.  Plaintiff anticipates offering the exhibits listed on Exhibit 1 to the JPS.

          B.  Defendant anticipates offering the exhibits listed on Exhibit C to the JPS.

---

[3] This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

4

1          C.  No other exhibits will be permitted to be introduced
2    unless:
3               (1) The party seeking to use the unlisted exhibit
4    demonstrates that the exhibit is being used to rebut evidence which
5    could not reasonably have been anticipated at the pretrial
6    conference; or
7               (2) The unlisted exhibit was discovered after the
8    pretrial conference and the offering party makes the showing
9    required in paragraph "D", below.
10         D.  Any party proposing to introduce an exhibit which was
11   discovered after the pretrial conference shall promptly notify the
12   Court and opposing counsel of the existence of such exhibit.  The
13   Court will not permit any such exhibit to be introduced unless it
14   finds:
15              (1) That the exhibit could not reasonably have been
16   discovered prior to the pretrial conference;
17              (2) The Court and counsel were promptly informed of
18   the exhibit's existence; and
19              (3) That the offering party has delivered a copy of
20   the exhibit to opposing counsel, or, if the exhibit may not be
21   copied, that the offering counsel has made the exhibit reasonably
22   available for inspection by opposing counsel.
23         E.  Plaintiff's exhibits shall be numbered and marked
24   with colored stickers provided by the Court while Defendant's
25   exhibits shall be designated by alphabetical letter also marked
26   with colored stickers provided by the Court.  To obtain stickers,
27   parties should contact the Clerk of Court at (916) 930-4000.
28

1       The parties are directed to exchange with each other, at
2  least twenty (20) court days prior to the date on which trial
3  commences, copies of all of their respective exhibits, marked with
4  exhibit stickers provided by the Court.  Within five (5) court days
5  after receipt and examination of the exhibits, each party shall
6  file with the Court and serve upon opposing counsel objections, if
7  any, to the exhibits, referencing the exhibits as marked by exhibit
8  sticker and specifying the basis for each objection.  Failure to
9  exchange exhibits as ordered could result in the exhibit not being
10 used at trial and/or the imposition of sanctions.  The failure to
11 make objections in the manner prescribed by this section shall
12 constitute a waiver of objections.  A party seeking to admit into
13 evidence an exhibit to which no objection was made must identify
14 said exhibit for the record and then move it into evidence.
15      Counsel shall produce all exhibits to the Clerk's Office
16 no later than 4:00 p.m. on the Friday before the date on which
17 trial is scheduled to commence.  At that time, the parties shall
18 also furnish the Court with a copy of each exhibit, unless the
19 exhibit is physically incapable of being reproduced.  Failure to
20 produce exhibits as ordered could result in waiver of the right to
21 offer those exhibits.  Each party submitting exhibits shall furnish
22 a list to the Court, the courtroom deputy and opposing counsel
23 itemizing the exhibits.
24      VIII. <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>
25      A.  It is the duty of counsel to ensure that any
26 depositions which are to be used at trial for any purpose shall
27 have been filed with the clerk, and counsel are cautioned that a
28 failure to discharge this duty may result in preclusion of the use

1  of the unfiled depositions or in the imposition of such other
2  sanctions as the Court deems appropriate.
3       B.  No later than June 3, 2008, counsel for each party
4  shall serve on the other parties a statement designating all
5  answers to interrogatories and all portions of depositions (except
6  for passages to be used solely for refreshing recollection,
7  impeachment or rebuttal).  No later than June 10, 2008, counter-
8  designations of other portions of these discovery documents may be
9  served.  No later than June 13, 2008, the parties shall file and
10 serve any preserved evidentiary objections to any designated
11 discovery, or said objections are waived.

                    IX.   FURTHER DISCOVERY OR MOTIONS

13      Pursuant to the Court's Pretrial Scheduling Order, all
14 discovery and law and motion was to have been completed prior to
15 the date of the final pretrial conference.  That order is
16 confirmed.  The parties are, of course, free to conduct any
17 additional discovery they desire pursuant to informal agreement.
18 However, any such agreement will not be enforceable in this Court.

                    X.   SETTLEMENT NEGOTIATIONS

20      No settlement conference is scheduled in this matter.  If
21 the parties believe that a settlement conference would be
22 productive and facilitate resolution of this case, the parties may
23 contact the Court.  If the Court schedules a settlement conference
24 at the request of the parties, each party would be directed to have
25 a principal with authority to settle the case on any terms present
26 at the settlement conference.
27 ///
28 ///

## XI. AGREED STATEMENT

The parties shall submit a short, jointly-prepared statement concerning the nature of this case that can be read to the jury at the commencement of trial. The statement shall be filed no later than June 10, 2008. If the parties fail to do this, they may be required to give their respective opening statements before voir dire. Separate statements shall be submitted if agreement is not reached.

## XII. SEPARATE TRIAL OF ISSUES

The trial will be conducted in two phases: liability and punitive damages. If the jury finds punitive damages are recoverable in the liability phase, trial on the amount of punitive damages will immediately occur. During the first phase of the trial, the jury will be given a liability instruction on punitive damages along with the other closing instructions and a verdict form which will include the liability question on punitive damages. If the answer is yes, then evidence pertinent to the amount of punitive damages would be presented in the second phase of the trial, following which the parties would present closing argument on that issue and a jury instruction would be given. The jury would then deliberate on the issue and fill in a punitive damages verdict form.

## XIII. JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS

A. Counsel are directed to confer and to attempt to agree upon a joint set of jury instructions and verdict forms.

B. All instructions, both general and specific, shall be submitted in the exact numerical order counsel desires them given to the jury and shall be tailored to the facts and issues in suit.

1  The joint set of instructions and verdict forms shall be
2 filed on or before June 3, 2008.  As to instructions on which there
3 is dispute, the parties shall adhere to the following procedure:
4 1) the party offering the disputed instruction(s) shall submit the
5 instruction(s) as its proposed jury instructions, shall submit
6 authority in support of the proposed instruction(s) and shall
7 number the disputed instruction(s) in a manner that shows where
8 each disputed instruction should be placed in the tendered agreed
9 upon instructions.  The contested instruction(s) and supporting or
10 opposing authority shall be filed on or before June 3, 2008.
11  C.  All instructions shall be, to the extent possible,
12 concise, understandable, and <u>neutral</u> statements of law.  They shall
13 be prepared in accordance with Local Rule 51-163.  Ninth Circuit
14 Pattern Instructions are preferred.
15  D.  It is the parties' responsibility to ensure that
16 jury instructions are submitted on all issues preserved for trial
17 in accordance with the schedule set forth above.  Pursuant to Local
18 Rule 51-163, instructions not presented in accordance with this
19 Order will be refused unless it is shown either (1) that the
20 necessity for the request arose in the course of trial; the
21 instructions could not reasonably have been anticipated prior to
22 trial; and the request for such additional instructions is
23 presented to the Court as promptly as possible; or (2) that the
24 refusal to give such instructions would constitute manifest
25 injustice under Rule 16(e).
26  E.  Most of the examination of prospective jurors is
27 conducted by the Court.  The parties are directed to meet and
28 confer and attempt to agree upon a joint set of proposed voir dire

questions.  These questions shall include any voir dire questions supplied by the Court that the parties believe are necessary.  The joint set of voir dire questions shall be filed on or before June 3, 2008.  Parties may also submit proposed voir dire questions which are disputed by the same date.  Each side is granted 15 minutes to conduct voir dire following the Court's examination of prospective jurors.

      F.   The parties shall file a joint verdict form on or before June 3, 2008.  <u>See</u> L.R. 51-163(e).  A special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  The verdict form shall be prepared in accordance with Local Rule 51-163(e).  At the same time, where disagreements exist, the parties shall explain the disagreement and submit points and authorities supporting their respective positions.

<u>At the time of electronically filing the jury instructions and verdict forms, counsel shall also submit a copy of the sanitized joint jury instructions, the sanitized disputed jury instructions, and the joint verdict forms to the Court by email to geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).</u>

      XIV.   <u>USE OF STRUCK JURY SELECTION SYSTEM</u>

Eight jurors will be impaneled.  The "struck jury" system will be used to select the jury.[4]  At the beginning of the voir

---

[4] "The goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of peremptory
(continued...)

10

dire process, approximately eighteen prospective jurors, randomly selected by the Jury Administrator, will be seated for voir dire. The order of the jurors' random selection is reflected by the order in which they will be seated. The first randomly selected juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom. The eighth juror will be in the eighth seat. The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row. The fifteenth seat will be in the left-hand side of that row. Three chairs will be placed in front of the jury box. The sixteenth juror will occupy the seat on the right and the eighteenth juror will occupy the seat on the left. The first eight jurors on a list, which shall be given to counsel, will constitute the petit jury unless one or more of those eight is excused for some reason. Assuming that the first and fifth jurors on the list are excused, the second listed juror becomes the first, and the other jurors' numbers are changed accordingly, with the ninth juror on the list becoming seventh on the list; however, the jurors continue to be identified by their original numbers.

## XV.  ATTORNEYS FEES

The parties are referred to Local Rule 54-293 concerning the post-trial procedure for seeking an award of attorney's fees.

///

---

[4](...continued)
challenges allotted to both sides for striking jurors from the group. United States v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

XVI. <u>TRIAL DATE</u>

Trial to a jury will commence on June 17, 2008. A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m. At the first phase of the trial, each side has 45 minutes within which to make an opening statement to the jury and 75 minutes within which to make a closing argument. If trial proceeds to the second phase, each side has 30 minutes within which to make a closing argument on the punitive damage issue. Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertan the status of the trial date.

IT IS SO ORDERED.

Dated: May 13, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge