
James Kachmar, State Bar No. 216781
**weintraub** genshlea chediak
a law corporation
400 Capitol Mall, 11th Floor
Sacramento, CA  95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile
E-mail: jkachmar@weintraub.com

Attorneys for Defendants Capstone Orthopedic, Inc., Glen S. Ellis, Santiago Rosales, David Kimzey, and Angela Fulton

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANGER PROSTHETICS & ORTHOTICS, INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CAPSTONE ORTHOPEDIC, INC., A CALIFORNIA CORPORATION; GLEN S. ELLIS, AN INDIVIDUAL; SANTIAGO ROSALES, AN INDIVIDUAL; DAVID KIMZEY, AN INDIVIDUAL; ANGELA FULTON; AN INDIVIDUAL; AND DOES 1-15,<br><br>　　　　Defendants. | Case No.:  2:06-CV-02879 GEB KJM<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS MARK ALCOCK**<br><br>Trial Date:　　June 17, 2008<br>Time:　　　　9:00 a.m.<br>Courtroom No.:　10<br>Judge: Hon. Garland E. Burrell, Jr. |

Defendants Glen Ellis ("Ellis"), Santiago Rosales ("Rosales"), David Kimzey ("Kimzey"), Angela Fulton ("Fulton") and Capstone Orthopedic, Inc., ("Capstone") (collectively "Defendants") move for an order in limine excluding plaintiff's belatedly designated expert witness, Mark Alcock, from testifying at trial and making reference to or introducing evidence of Mr. Alcock's findings and opinions.

///

///

## I.  INTRODUCTION

The exclusion of Mark Alcock as an expert witness is an issue that the Court has considered previously and ruled that Mr. Alcock cannot offer opinion testimony because he was neither timely nor properly designated as an expert.  Defendants have been forced to bring this motion in limine after plaintiff belatedly "designated" Mr. Alcock as an expert on April 21, 2008, six months after the deadline for expert disclosures and after plaintiff represented to the Court that Mr. Alcock would not be offering opinion testimony.  The Court should not reward plaintiff for its gamesmanship and misrepresentations to the Court.  Defendants would be unfairly prejudiced if plaintiff is allowed to call Mr. Alcock as an expert when he was not designated as such until six months after the expert witness deadline and three months after the close of discovery.

## II.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Hanger filed its complaint for injunctive relief and damages on December 21, 2006. (See Complaint, Dckt. No. 1.) The complaint includes claims against each Defendant for computer fraud and abuse under state and Federal law.  (See Complaint, ¶¶ 52-64.) Defendants answered the complaint on January 11, 2007 and denied Hanger's claims, including those of computer fraud and abuse. (See Answer, Dckt. 13, at 7.)

On March 13, 2007, the Court entered its Status (Pretrial Scheduling) Order ("Scheduling Order").  (See Dckt. No. 27.)  In that order, the Court ordered that all discovery, including the hearing of discovery motions and the compliance with orders issuing therefrom, must be completed by November 28, 2007. (See Scheduling Order, at 3:4-10.)[1]  The Court further ordered that: "<u>Each party shall comply with Federal Rule of Civil Procedure 26(a) (2)'s initial expert witness disclosure and report requirements on or before September 28, 2007</u>, and with the rebuttal expert disclosures authorized under the Rule on or before October 29, 2007." (Id. at 3:11-14; emphasis added.)

///

---

[1] The Court later granted Hanger an additional 43 days in which to conduct discovery.  (See Order, Dckt. No. 60, at p. 1.)

On September 28, 2007, Plaintiff served its expert disclosure and identified only one expert witness (on damages), Suzanne M. Stuckwisch. Mr. Alcock was not designated as an expert. Pursuant to the Court's Scheduling Order, Plaintiff also served a written expert report prepared by Ms. Stuckwisch. Plaintiff did not disclose any other expert witnesses nor did it serve any other written expert witness reports on or before September 28, 2007.

Shortly after filing its complaint, Plaintiff submitted a declaration by Mark Alcock to the Court identifying himself as a computer forensics expert retained by Hanger. (See Declaration of Mark Alcock in support of Plaintiff's Application for Expedited Discovery, Dckt. No. 18, ¶¶ 1, 6.) Lars Jensen, Hanger's Market Leader of its Northern California Region and its person most knowledgeable on Hanger's trade secret claims, confirmed in his deposition that Hanger retained Mr. Alcock as an expert witness in this matter (and in the case: *Hanger Prosthetics & Orthotics, Inc. v. Centers for Independent Rehabilitative Services, Inc., et al.*, Case No. 2:07-CV-00190-WBS-GGH  (Jensen Depo., at 81:4-25, attached as Exhibit A to Declaration of James Kachmar ("Kachmar Decl.").

In connection with its initial disclosures, Hanger produced invoices from Mr. Alcock's firm, M2000/IS, stating that Mr. Alcock's firm has billed Hanger approximately $65,000 for the expert services he has rendered in this case (It is unclear whether some of this amount was incurred in connection with the *Hanger / CIRS* case referred to above). (See M2000/IS Invoices; attached as Exhibit B to Kachmar Decl.)  Other than these invoices and the initial declaration submitted by Mr. Alcock, Hanger did not produced any other documents or reports that contain Mr. Alcock's opinions, findings, conclusions, etc., during discovery.

On January 22, 2008, Defendants moved the Court to exclude Mr. Alcock's testimony at trial and in support of Plaintiff's opposition to the summary judgment motions filed by Defendants. (See Dckt # 62.) In its opposition, plaintiff represented to the Court that Mr. Alcock was a "fact" witness and would not offer any opinions. (See Hanger's Oppos. To Mot. To Exclude, Dkt. No. 68, at 1-2.)  On February 19, 2008, the Court denied Defendants' Motion to Exclude Mr. Alcock on the basis that Plaintiff expressly represented to the Court that Mr. Alcock will testify as to matters he personally perceived and would not be offered as an

1  expert witness. Therefore, the Court ruled that defendants' motion was moot. (See Order, Dckt
2  # 77, at 2.)

3  Shortly thereafter, in opposition to defendants' motions for summary judgment, Plaintiff
4  offered the January 8, 2007 declaration of Mark Alcock and based a large part of its
5  opposition on his inadmissible conclusions and opinions. Mr. Alcock's declaration was more
6  than the opinions of a percipient witness. Rather, Mr. Alcock's based his opinion testimony
7  solely upon "scientific, technical or other specialized knowledge . . . [that] is governed by . . .
8  the corresponding [expert witness] disclosure rules of the civil . . . rules." (See *Storage
9  Technology Corp. v. Customer Hardware Engineering & Consulting Ltd*. (Dist. of Mass.) 2006
10 WL 1766434 at *36.) This was demonstrated by Mr. Alcock acknowledging this his opinion
11 was "<u>based on my experience and training and the evidence at hand, I conclude that it is
12 highly probable that . . .</u>" (See Declaration of Mark Alcock, Dckt. No. 18, ¶19.) In fact, the
13 Court specifically excluded Alcock's "expert" opinions in considering the motions for summary
14 judgment on the basis that Plaintiff misrepresented to the Court the nature of the testimony
15 Alcock was to offer and that he, in fact, was offering expert witness testimony and Plaintiff failed
16 to adhere to the rules of procedure regarding the deadline for designating experts. (See
17 Order, Dckt. #108, at pp. 6-7, footnote 2.) Plaintiff did not move for reconsideration of the
18 Court's ruling regarding the exclusion of Mr. Alcock's improper opinion testimony.

19 Despite Plaintiff's representations to the Court and the Court's previous ruling, Plaintiff
20 served a Third Supplemental Initial Disclosure Statement on April 21, 2008 that states that
21 Mark Alcock will now testify as an expert witness in the trial of this action. (See Exhibit C to
22 Kachmar Dec.) This improper disclosure was made sixth months after the deadline for
23 designating experts and three months after the discovery cutoff date. Defendants would be
24 unfairly prejudiced if plaintiff was allowed to call an expert to testify at trial who was not
25 disclosed as such during discovery.
26 ///
27 ///
28 ///

III.   LEGAL ARGUMENT

MARK ALCOCK SHOULD NOT BE ALLOWED TO TESTIFY AS AN EXPERT WITNESS IN THIS MATTER AS PLAINTIFF HAS FAILED TO ABIDE BY THE COURT'S SCHEDULING ORDER AND RULES GOVERNING EXPERTS AND REPRESENTED TO THE COURT THAT ALCOCK WOULD NOT OFFER OPINION TESTIMONY AT TRIAL.

Federal Rule of Civil Procedure 26(a) (2) mandates that a party in a pre-trial disclosure must identify each expert witness it intends to call at trial to give expert opinion evidence. Furthermore, FRCP 26(a)(2)(B) mandates that as to those experts identified, a written report, prepared and signed by the expert, containing a complete statement of all opinions to be expressed and the basis for those opinions, must also be produced.  The Court, in its Scheduling Order, ordered the parties in this action to designate expert witnesses in compliance with FRCP 26(a)(2) no later than September 28, 2007.  (See Scheduling Order, Dkt. No. 27, at 3.)

It is well established that a party who fails to properly and timely disclose an expert witness and the expert's FRCP 26(a) (2)(B) report may be barred from offering any expert testimony at trial or any hearing. (See F.R.C.P. 37(c) (1); see also FRCP 16(f) [providing that the Court may exclude any evidence where a party has failed to obey a Scheduling Order].)

In *Wong v. Regents of the University of California* 410 F.3d 1052, 1062 (9th Cir. 2005), the Court affirmed the trial court's exclusion of plaintiff's expert witnesses who were not properly disclosed until well after the expert witness disclosure deadline. (410 F.3d at 1060.) The Ninth Circuit held that the exclusion of these expert witnesses was not an abuse of discretion and recognized that "[p]arties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and the exclusions of evidence."  (*Id.*)

Here, not only did Plaintiff fail to timely disclose that Alcock will provide expert testimony at trial, Plaintiff affirmatively represented to the Court that Alcock would not offer such expert opinion testimony in this matter.  After making this representation to the Court, Plaintiff offered Alcock's "opinions" in opposition to defendants' summary judgment motions.  The Court has already ruled that Alcock's expert opinions were not admissible because of plaintiff's failure to

comply with FRCP 26(a)(2) and the Scheduling Order.

Plaintiff's third supplemental initial disclosure, served more than six months after the expert deadline, now attempts to include Alcock as an expert witness. This is nothing more than gamesmanship and a bad faith attempt by Plaintiff to evade its obligations under FRCP 26(a)(2) and the Court's Scheduling Order. The Court is well aware that defendants have not had the opportunity to conduct discovery on Alcock's conclusions. Furthermore, the Court has already ruled that Alcock cannot testify as an expert given Plaintiff's failure to abide by its Scheduling Order and the rules of procedure. Plaintiff did not seek reconsideration of this ruling. As such, defendants respectfully move for an order in limine excluding plaintiff's belatedly designated expert witness, Mark Alcock, from testifying in this matter and referring to or introducing evidence of Mr. Alcock's findings and opinions. Defendants also request the Court to sanction plaintiff for its bad faith tactics in belatedly designating Alcock as an expert after representing to the Court that he would not offer opinion testimony in this matter. Neither Defendants nor the Court would have had to expend time and money on this motion in limine had plaintiff simply honored its prior representations to the Court.

## IV.   CONCLUSION

Plaintiff's dilatory and evasive tactics regarding Mark Alcock must end. The Court has already excluded Alcock's findings and opinions as an expert from this proceeding because Plaintiff failed to comply with the disclosure procedures. Plaintiff did not move for reconsideration of the Court's ruling. Plaintiff's latest attempt to evade these requirements should meet the same result. For these reasons, defendants respectfully request that the Court prohibit Mr. Alcock from testifying at the trial of this action as an expert and prohibit the introduction of evidence of his improper findings and opinions. Defendants further request the Court to sanction plaintiff for its bad faith gamesmanship on this issue.

///
///
///
///

1  Respectfully submitted.

2  Dated:  May 23, 2008         **weintraub** genshlea chediak
                                a law corporation
3

4

5                               By:    /s/ - James Kachmar
                                       James Kachmar

6                               Attorney for Defendants