1

2

3

4

5

6

7

8

9

10

11

12                          UNITED STATES DISTRICT COURT

13                         EASTERN DISTRICT OF CALIFORNIA

14  HANGER PROSTHETICS & ORTHOTICS,   )
    INC.,                             )     2:06-cv-02879-GEB-KJM
15                  Plaintiff,        )
                                      )
16           v.                       )     PRELIMINARY JURY
                                      )     INSTRUCTIONS AND
17  CAPSTONE ORTHOPEDIC, INC.;        )     VOIR DIRE; DISCUSSION ON
    SANTIAGO ROSALES; GLEN S. ELLIS;  )     CERTAIN CLOSING
18  DAVID KIMZEY; ANGELA FULTON,      )     INSTRUCTIONS
                                      )
19                  Defendants.       )
    _____)

20

21           Proposed voir dire questions have been submitted for the

22  Court to use, but it is questionable whether many of them are

23  directed at ascertaining disqualifying juror information.

24  Further, certain questions indicate counsel's intent to have "voir

25  dire conducted in such a way as to mold the jury in a way that the

26  jury will be receptive to counsel's case."  United States v.

27  Padilla - Velenzuela, 896 F.Supp 968, 972 (D.Ariz. 1995). "[T]he

28  purpose of the voir dire is to ascertain disqualifications, not to

1   afford individual analysis in depth to permit a party to choose a

2   jury that fits into some mold that he believes appropriate for his

3   case." Schlinsky v. U.S., 379 F2d 735,738 (1st cir. 1967).

4        Because of the nature of the proposed voir dire and the

5   joint statement for jury submitted by counsel, the parties will

6   conduct more voir dire than contemplated in the Final Pretrial

7   Order.  Voir dire is attached.

8        Draft preliminary jury instructions are also attached.

9   The parties' preliminary jury instructions 1 - 11 and 13 in the

10  Joint Instructions ("JJI") filed June 3, 2008,  are included in

11  the attached preliminary jury instructions;  Defendants' 12(b) is

12  also included and Ninth Circuit model instructions.

13       Draft Closing Instructions are not attached.  Some of

14  the proposed jury instructions are unclear, and the parties will

15  be required to provide clarification-those instructions are not

16  discussed in this order.  Defendants object to Plaintiff's common

17  law unfair competition claim, based on the argument that this

18  claim is not in the complaint is sustained.  Therefore, this claim

19  is dismissed.

20             Disputes Over Instructions Number 58, 59, and 60[1]

21       The parties dispute in Joint Jury Instructions numbers

22  58, 59, and 60 concerns which type of employees owe fiduciary

23  duties -- just officers or all employees -- but the need to give a

24  fiduciary duty instruction has not been shown in light of the

25  claims being tried to the jury.  Plaintiff asserts Defendants

26  Rosales, Kimzey and Fulton breached (1) the duty of undivided

27

28

_____

     [1]     When applicable, the Judicial Council of California Civil Jury
Instructions were used to resolve disagreements between the parties over
Instructions Number 59 and 60.

loyalty, and (2) the duty of confidentiality.  All employees have these duties, regardless of whether or not the employee owes fiduciary duties.  See Otsuka v. Polo Ralph Lauren Corp., 2007 WL 3342721, at *3 (N.D. Cal. Nov. 9, 2007) (holding employees owe duty of undivided loyalty to their employers); By-Buk Co. v. Printed Cellophane Tape Co., 163 Cal. App. 2d 157, 164 (1958) (holding employees have "implied obligation not to divulge or use" their employers' confidential information).  Accordingly, Instruction Number 58 appears unnecessary and Instructions 59 and 60 state that the duties at issue are owed by "employees."

The parties also dispute in Joint Jury Instructions number 58, 59, and 60 which Defendants remain exposed to liability on Plaintiff's claims for breach of the duty of undivided loyalty and breach of the duty of confidentiality.  Plaintiff contends in its trial brief that "[a]lthough Capstone and Ellis do not have independent or direct liability to Hanger for Rosales's, Kimzey's or Fulton's acts of disloyalty to Hanger, if any one of these three Hanger employees were acting as agents of Capstone while breaching this duty, then Capstone and Ellis are liable for the acts of their agents." (Pl.'s Tr. Br. at 27:26-28:2.)  However, the Order issued April 14, 2008 granted Capstone and Ellis's summary judgment motion on these claims, and Plaintiff has not shown why it should be able to assert an agency theory against Capstone and Ellis which was not asserted in opposition to the summary judgment motion.  (April 14, 2008 Order at 34:11-36:1.) Accordingly, only Defendants Rosales, Kimzey and Fulton remain exposed to liability on Plaintiff's breach of the duty of loyalty

///

///

and breach of the duty of confidentiality claims.

Dated:   June 13, 2008

GARLAND E. BURRELL, JR.
United States District Judge